UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CTC LITIGATION TRUST,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TELECOM REALTY, LLC,<br><br>　　　　　　　Defendant. | CIV. ACTION NO. 04-10811-GAO |

## ANSWER OF DEFENDANT TELECOM REALTY, LLC

Defendant Telecom Realty, LLC ("Defendant") hereby answers the allegations in the Verified Complaint (the "Complaint") filed by plaintiff CTC Litigation Trust (the "Plaintiff") as follows:

### PRELIMINARY STATEMENT

By way of general response, all allegations of the Complaint are denied unless specifically admitted and any factual averment admitted is admitted only as to the specific facts and not to any conclusions, characterizations, implications, or speculations which may be contained in the allegation or in the Complaint as a whole. These responses are separately numbered to refer to the corresponding numbered paragraphs of the Complaint. Headings of the Complaint are incorporated (in quotations) in this Answer for ease of reference only and are denied to the extent, if any, that they are deemed to contain factual averments.

## RESPONSE TO COMPLAINT "INTRODUCTION"

The Complaint's "Introduction" consists largely of factual averments, legal conclusions, and argumentative rhetoric. By way of general response to the allegations contained in the Complaint's "Introduction", the allegations contained in the "Introduction" are denied.

## "PARTIES"

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in the first two sentences of paragraph 2 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

## "GENERAL ALLEGATIONS"

5. Defendant admits the allegations contained in the first sentence of paragraph 5 of the Complaint and denies the allegations contained in the second sentence of paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6

of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to whether Exhibit A represents a true and accurate copy of the board minutes. In response to the remaining allegations contained in paragraph 6 of the Complaint, the Defendant states that, to the extent they are authentic, the board minutes speak for themselves.

7. Defendant denies that any of the persons listed in paragraph 7 of the Complaint held majority financial interests in the Defendant and further denies that Robert Fabbricatore held any interest in Telecom Realty.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint. In further response to the allegations contained in paragraph 8 of the Complaint, the Defendant states that, to the extent they are authentic, the board minutes speak for themselves.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint. In further response to the allegations contained in paragraph 9 of the Complaint, the Defendant states that, to the extent they are authentic, the board minutes speak for themselves.

10. Defendant denies the allegations contained in the first sentence of paragraph 10 of the Complaint. In further response to the allegations contained in paragraph 10 of the Complaint, Defendant states that (i) to the extent they are

authentic, the board minutes speak for themselves and (ii) any appraisal by Insignia ESG speaks for itself.

11.  Defendant admits the allegations contained in paragraph 11 and further states that, to the extent they are authentic, the board minutes speak for themselves.

12.  In response to the allegations contained in paragraph 12 of the Complaint, the Defendant admits that the amount due for rent was fair. The Defendant denies the remainder of the allegations contained in paragraph 12 of the Complaint.

13.  Defendant denies the allegations contained in paragraph 13 of the Complaint. In further response, Defendant states that, to the extent they are authentic, the board minutes speak for themselves.

14.  Defendant admits the allegation in paragraph 15 of the Complaint that CTC posted a security deposit (in the amount of $889,050) as security for its obligations under the Lease (the "Security Deposit"). Defendant denies that CTC spent over $21.6 million to purchase and construct the so-called "Build-Out Assets" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint.

15.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. In further response, Defendant states that the Telecom Realty Lease speaks for itself as to any obligations it imposed upon CTC.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. In response to the allegations contained in paragraph 17 of the Complaint, Defendant states that the Stipulation of Settlement Between Debtors, The Official Committee of Unsecured Creditors, GATX and Telecom Realty, LLC, as approved by order of the United States Bankruptcy Court for the District of Delaware pursuant to that Order Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §§ 105 and 363(b) Approving the Stipulation of Settlement Between Debtors, The Official Committee of Unsecured Creditors, GATX and Telecom Realty, LLC dated November 20, 2003 (the "Stipulation") speaks for itself.

18. In response to the allegations contained in paragraph 18 of the Complaint, Defendant states that the Stipulation speaks for itself.

19. In response to the allegations contained in paragraph 19 of the Complaint, Defendant states that the Stipulation speaks for itself.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. The Defendant admits the allegation contained in the first sentence of paragraph 21 of the Complaint. In response to the remaining allegations contained in paragraph 21 of the Complaint, the Defendant denies such allegations and asserts that such allegations contain scandalous and impertinent allegations and ought to be struck from the record by this Court.

22. Defendant denies the allegations contained in paragraph 22 of the complaint. Moreover, to the extent that paragraph 22 contains a request for injunctive relief, such request is moot as it has been resolved pursuant to that certain Stipulated Order dated March 12, 2004 ("Stipulated Order") entered into by Plaintiff and Defendant in this action.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

## "COUNT I"
### "(Avoidance of Build-Out Transfer as Fraudulent Transfers; Pursuant to G.L. c. 109A)"

24. Defendant incorporates by reference its responses in paragraphs 1-23 as if set forth fully herein.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

## "COUNT II"

### "(Avoidance of Transfer of the Build-Out Assets as Fraudulent Transfers Pursuant to 11 U.S.C. § 548)"

31. Defendant incorporates by reference its responses in paragraphs 1 through 30 as if set forth fully herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff has any cause of action against Defendant, which Defendant denies, Plaintiff has waived the same by Plaintiff's own conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSEE

Some or all of the damages alleged by Plaintiff are subject to setoff by the Defendant.

## REVISED CHAPTER 11 CLAIM OF DEFENDANT AGAINST CTC

Pursuant to paragraph 4 of the Stipulated Order, Defendant hereby submits its revised damage claim in the Chapter 11 bankruptcy case of CTC. The revised claim of Defendant [as limited by 11 U.S.C. § 502(b)(6)] is in the total amount of $3,136,583.88, consisting of a secured claim in the amount of $983,409.77 (represented by the Security Deposit plus interest earned thereon) and an unsecured claim in the amount of $2,153,174.11, plus attorneys' fees in an amount to be determined.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, Defendant respectfully prays that this Court:

(i) Enter judgment in favor of the Defendant;

(ii) Award Defendant its attorneys' fees and costs of suit herein; and

(iii) Award Defendant such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury on all counts so triable.

Dated: May 5, 2004

TELECOM REALTY, LLC

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

_/s/ William R. Moorman_
William R. Moorman, Jr. (BBO # 548593)
Brendan C. Recupero (BBO # 645032)
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
(617) 367-9500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record for CTC Litigation Trust via hand delivery on May 5, 2004.

_____
Brendan C. Recupero

William R. Baldiga, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111