UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CTC LITIGATION TRUST, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>TELECOM REALTY, LLC, )<br>)<br>Defendant ) | CIVIL ACTION NO. 04-10811-GAO |

## PLAINTIFF'S RULE 26 INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rule of Civil Procedure, Rule 7026-1 of Federal Rules of Bankruptcy Procedure and Rule 26.2(A) of the Local Rules for the District of Massachusetts, the Plaintiff, the CTC Litigation Trust (the "Trust"), by and through its undersigned counsel, hereby provides the following initial disclosures:

**I.   Individual Likely To Have Discoverable Information**

The following individuals are likely to have discoverable information regarding the facts alleged in the pleadings:

1. John D. Pittinger
   CTC Communications Group, Inc.
   360 Second Avenue
   Waltham, MA  02451

2. Michael Donnellan
   3 Nyak Street
   Watertown, MA 02472

Mr. Pittinger, CTC's Chief Financial Officer, and Mr. Donnellan, CTC's former Vice President –Field Operations, both have knowledge and information regarding, among other things, the facts and circumstances surrounding the sums of money and other assets transferred to the defendant when CTC leased telecommunications operations and office space from (and then abandoned such space back to) Telecom Realty, LLC ("Telecom Realty"), a real estate

syndicate in which CTC's insiders (its Chief Executive Officer, at least four of its other officers, and its outside captive counsel) had a majority interest.

The Trust expressly reserves the right to disclose further individuals as they are identified and as new information comes to light during the discovery process.

## II.   Documents, Data Compilations and Tangible Things Relevant to Disputed Facts

The Trust will make all non-privileged documents available for inspection and photocopying at the offices of Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, MA. The Trust continues to search for relevant documents and other materials that may be relevant to the disputed facts alleged in the pleadings.

By making voluntary disclosures of these documents pursuant to Fed. R. Civ. P. 26(a)(1), the Trust does not waive, and expressly reserves, all objections with respect to these documents and any other discovery materials, including, without limitation, objections regarding attorney-client privilege. Further, the Trust expressly reserves the right to supplement this list as discovery and the litigation proceed.

## III.  Damages

CTC spent over $21.6 million in cash payments (the "Build-out Transfers") during 2000 and 2001 to purchase and construct the Build-Out Assets, in addition to the more than $3.8 million CTC paid in rent between May 2000 and its October 3, 2002 chapter 11 filing. CTC also posted a security deposit in the amount of $889,000 (the "Security Deposit").

The Trust expressly reserves the right to supplement this disclosure.

## IV. Insurance Policies

There is no insurance agreement, of which the Trust is presently aware, under which anyone may be liable to satisfy or indemnify or reimburse all or part of any judgment entered in this action.

Dated: February 18, 2005

Respectfully submitted,

**THE CTC LITIGATION TRUST**

By its attorneys,

_____
William R. Baldiga (BBO #542125)
Robert L. Harris (BBO #644829)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

## CERTIFICATE OF SERVICE

I, Robert L. Harris, hereby certify that I have this day served a copy of the within Plaintiff's Rule 26 Initial Disclosures by hand on:

> William R. Moorman, Esq.
> Brendan C. Recupero, Esq.
> Craig and Macauley
> Professional Corporation
> Federal Reserve Plaza
> 600 Atlantic Avenue
> Boston, MA  02210

_____
Robert L. Harris

Dated: February 18, 2005

#1319962 v\1 - harrisrl - s@hm01!.doc - 24183/1