UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CTC LITIGATION TRUST,

               Plaintiff,

v.

TELECOM REALTY, LLC,

               Defendant.

Civil Action No. 04-10811 GAO

**TELECOM REALTY, LLC'S OPPOSITION TO EMERGENCY MOTION TO
EXTEND DEADLINE FOR SUBMISSION OF EXPERT REPORT**

Defendant, Telecom Realty, LLC ("Telecom Realty"), files this Opposition to the Emergency Motion to Extend Deadline for Submission of Expert Report (the "Extension Motion") submitted by the CTC Litigation Trust (the "Trust"). Telecom Realty opposes the Extension Motion for the following reasons:

A. This case was originally commenced by the Trust on March 12, 2004 by the filing of a complaint in the Suffolk County Superior Court. The case has been pending for almost two years, and the Trust has had more than ample time to disclose any expert it intended to utilize and to timely prepare and file its expert report.

B. After removal of the case to this Court, the Trust and Telecom Realty originally stipulated that the deadline for the Trust to file its expert report would be June 15, 2005. This Court entered an order establishing such deadline. Docket No. 6. That deadline (which occurred almost seven (7) months ago) came and went without any mention by the Trust that it was even contemplating the retention of an expert.

C. On May 13, 2005, Telecom Realty served a request for production of documents, request for admissions and interrogatories on the Trust. The Trust did not respond to Telecom Realty's document request until September 20, 2005, did not respond to Telecom Realty's requests for admissions until September 20, 2005 and has <u>never</u> responded to Telecom Realty's interrogatories, including an interrogatory requesting that the Trust "identify all experts you intend to call at trial of this matter, and for each such individual state in detail the substance of their expected testimony". The Trust should not be allowed to fail to respond to Telecom Realty's expert interrogatory, which it should have done more than six (6) months ago, and now seek an extension of time to file an expert report.

D. After commencement by the Trust of a second case against Telecom Realty in the Delaware Bankruptcy Court, and the ultimate transfer and joinder of that case in this proceeding, the Trust and Telecom Realty agreed to the establishment of December 15, 2005 as a revised deadline for the Trust to submit any expert report. Docket No. 10. This deadline was expressly requested by the Trust. At the pretrial hearing held before this Court on September 12, 2005, the deadline was adopted by this Court by order dated September 12, 2005.

E. Despite the admission by the Trust in its Extension Motion that counsel to the Trust has "retained an expert for the case and was working with him to prepare his potential testimony", the Trust has <u>never</u> disclosed the existence of such expert or any matter related to such expert's testimony to

       Telecom Realty.  Such violation of the Trust's obligations under the rules should not be countenanced by this Court.

F.    At the pretrial hearing held in this matter on September 12, 2005, upon inquiry from the Court, the Trust indicated that it was not sure whether it intended to retain an expert.  Until counsel to the Trust phoned counsel to Telecom Realty on December 19, 2005 (four days past the deadline for filing any expert report), the Trust had given absolutely no indications that it was even contemplating the retention of an expert.

G.    Based on the foregoing actions and inactions by the Trust, Telecom Realty has assumed for some time now that the Trust was not retaining an expert in this matter.  Telecom Realty has developed its case strategy accordingly, has not consulted with any experts and has expended its limited resources elsewhere.  It will, accordingly, be prejudiced by the granting of the Trust's requested extension.

## ARGUMENT

A.    <u>The Trust Fails to Assert the Correct Standard</u>

1.    Absent from any mention in the Extension Motion is the correct standard governing an extension after the expiration of a court ordered deadline under Fed. R. Civ. P. 6(b), which provides, in relevant part, that:

> When . . . by order of court an act is required . . . to be done . . . within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6(b).

2.   Whether a party's failure to meet a self-imposed deadline constitutes "excusable neglect" is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993).  Courts have considered such circumstances as "the danger of prejudice to the [other party], the length of delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

3.   The United States Court of Appeals for the First Circuit has routinely held that "counsels' inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (quoting Pioneer, 507 U.S. at 392); see also  Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003); Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6-7 (1st Cir. 2001); Hospital Del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001) (*per curiam*).

4.   The lack of communication between counsel to the Trust and another law firm that is not even of record in this case as to which firm was responsible for experts reports does not constitute excusable neglect.  Further, it is apparent from the proceedings to date in this case that the Trust has simply not prosecuted this case.  Not only has the Trust failed to respond to Telecom Realty's interrogatories, it has also failed to conduct any discovery of its own other than boilerplate discovery that it served along with the preference complaint it originally filed in the Delaware Bankruptcy Court.  It has served

absolutely no discovery in connection with its original fraudulent conveyance case, has failed to identify any experts and has now missed its own deadline.

     5.     The Trust has not set forth the proper standard for determining whether the Extension Motion should be granted.  Moreover, even if this Court were to employ the standard set forth in the Trust's brief, the Trust wrongly claims that an alleged lack of prejudice to Telecom Realty may serve as the basis for granting an extension of the deadline.  The cases cited by the Trust make it clear that the plaintiff's ability to provide a legitimate excuse for its misconduct is outcome determinative.  *See Tower Ventures, Inc. v. Westfield*, 296 F.3d, 43, 47 (1st Cir. 2002) (where the "plaintiff's explanation explained nothing" there is no legitimate reason to grant an extension of time to the plaintiff); *Robson v. Hallenbeck*, 81, F.3d 1, 3-4 (1st Cir. 1996) (although the court was reviewing the propriety of dismissal of a case – a matter different from the one presented here where the Court must apply Fed. R. Civ. P. 6(b) and its "excusable neglect" standard – the court stated that whether dismissal is appropriate depends upon the "apparent pattern of noncompliance by plaintiff's counsel"); *Tucci v. Tropicana Casino & Resort, Inc.*, 834 A.2d 448, 451 (N.J. Super. Ct. App. Div. 2003) (the court reviewed the propriety of dismissal of a case under the Best Practices rules; in dicta the court indicates that the plaintiff might have been excused from seeking an extension of the expert-report deadline based on "the cooperation of his adversaries who made no objection to the expert's inspection of the elevator after the submission deadline" – such a scenario is not presented to this Court).

     6.     Furthermore, the Trust was actually involved and requested the scheduling deadline which it failed to meet.  The Court "is entitled to expect that the litigant will

5

meet its self imposed deadline." *Tower Ventures, Inc.*, 296 F.3d at 47 (citation omitted). "In the absence of excusatory circumstances…the litigant's failure to do so warrants an inference of deliberate manipulation." *Id*.

7. In assessing whether the Trust acted with "excusable neglect," the Court should give little weight to the fact that the Trust's counsel experienced "confusion as to which firm was responsible for various responsibilities." *See Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 398 (1993) (little weight should be given "to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date"). On the other hand, the Court should give great weight to the fact that the Trust's counsel set the bar date for the filing of expert reports, therefore had notice of it, and should not be excused for missing it. *See id*. (it is significant whether counsel had notice of the missed bar date).

B. <u>Extension of the Trust's Deadline to Submit an Expert Report Will Result in Prejudice to Telecom Realty</u>

8. The Trust asserts that the Extension Motion should be granted because the extension would not substantially alter the amended pretrial schedule and does not prejudice Telecom Realty. Throughout this case, the Trust has made no indication that it would retain an expert to testify in these matters. Indeed, the Trust's Initial Disclosures fail to identify or disclose any expert testimony. Telecom Realty's Interrogatories requested that the Trust identify experts and state in detail the substance of their expected testimony. The Trust has never responded or objected to those interrogatories. As recently as September 12, 2005, at the status conference held before this Court, counsel to the Trust indicated that he was uncertain as to whether the Trust would retain an expert in the case.

9. As a result of the Trust's conduct in this case, Telecom Realty has pursued a defense strategy predicated on the notion that the Trust would not advance any expert testimony. Telecom Realty has not contacted any experts. Allowing the Trust to introduce an expert report at this date would require the Trust to reformulate its defense strategy, expend resources on experts and engage in significant expert discovery. Allowing the Trust to submit an expert report after the deadline will therefore result in prejudice to Telecom Realty.

## CONCLUSION

10. In light of the Trust's actions throughout this matter, the failure to submit an expert report prior to the expiration of the deadline established in the amended pretrial schedule cannot simply be written off as "excusable neglect." The Trust's prosecution of this case, or lack thereof, and its present efforts to introduce an expert report after the deadline, will result in what is essentially trial by surprise. For the reasons set forth herein, the Court should deny the Trust's Extension Motion.

WHEREFORE, Telecom Realty requests that this Court enter an order:

    (i)    Denying the Extension Motion;

    (ii)    Sustaining Telecom Realty's Opposition; and

    (iii)    Granting such other and further relief as may be just and appropriate.

DATED: January 6, 2006          TELECOM REALTY, LLC

By its attorneys,

/s/ Brendan C. Recupero
William R. Moorman, Jr. (BBO#548593)
Brendan C. Recupero (BBO#645032)
Craig and Macauley
    Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, I caused copies of the foregoing

*Opposition to the Emergency Motion to Extend Deadline for Submission of Expert Report*

to be served by U.S. mail, postage prepaid, to the parties identified below.

/s/ Brendan C. Recupero
Brendan C. Recupero

William R. Baldiga
Robert L. Harris
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

Thomas Hoffman
Michael Tabb
Greene & Hoffman P.C.
125 Summer Street, 14th Floor
Boston, MA 02110